**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JOHN FORTE,

                Plaintiff,

vs.                                                  Case No. 2:07-cv-798-FtM-34DNF

HOME DYNAMICS AMBERTON,
LLC,

                Defendant.
_____/

**O R D E R**[1]

    **THIS CAUSE** is before the Court on the Amended Motion to Remand and

Memorandum of Law in Support (Doc. No. 17; Amended Motion), filed on January 4, 2008.[2]

On December 7, 2007, Defendant Home Dynamics Amberton, LLC ("Home Dynamics") filed

the Notice of Removal (Doc. No. 1; Notice of Removal), based on an assertion that the Court

has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and that

removal was proper under 28 U.S.C. § 1441(c).  Notice of Removal at 2.  In the Amended

Motion, Plaintiff asserts that removal of this case was improper and requests that the Court

remand this action to the Circuit Court of the Twentieth Judicial Circuit in and for Collier

County, Florida.  See Amended Motion at 1.  In addition, Plaintiff requests that the Court

---

[1]    This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically.  However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

[2]    On January 4, 2008, Plaintiff Forte filed the (1) Motion to Remand and Memorandum of Law in Support (Doc. No. 15; Initial Motion) and (2) Memorandum of Law in Support of Motion to Remand Brief Factual Background (Doc. No. 16; Memorandum).  Upon review, the Court finds that in filing the Amended Motion, Plaintiff has consolidated the Motion and Memorandum into one document, in accordance with Local Rule 3.01(b), Middle District of Florida (Local Rule(s)).  Consequently, the Initial Motion is due to be denied as moot.

award him the attorney's fees and costs associated with the improper removal.  <u>See</u> <u>id.</u> at 3.  On January 4, 2008, Defendant Home Dynamics filed the Notice of Consent to Remand (Doc. No. 18; Notice of Consent), in which it "gives Notice of its Consent to Remand sought in [the Motion] filed on January 4, 2008."  <u>See</u> Notice of Consent at 1.  However, the Notice of Consent did not address Plaintiff's request for attorney's fees.  <u>See</u> <u>generally</u> <u>id.</u>

This case was initiated in the Twentieth Judicial Circuit Court, in and for Collier County, Florida, on October 23, 2007.[3]  <u>See</u> Amended Complaint (Doc. No. 2; Amended Complaint) at 1.  In the Amended Complaint, Plaintiff John Forte alleges two claims against Home Dynamics:  In Count I, Plaintiff seeks rescission of a contract for the purchase and sale of a condominium based on Defendant's failure to comply with the Interstate Land Sales and Full Disclosure Act (ILSFDA), 15 U.S.C. §§ 1701, et seq., Amended Complaint at 4, and in Count II, Plaintiff seeks rescission of the same contract based on Defendant's material breach of that contract, <u>id.</u> at 5.  As noted above, in the Notice of Removal, Defendant alleged that this Court has jurisdiction over the action pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under a federal law.  <u>See</u> Notice of Removal at 2.  Alternatively, Defendant asserted that "[t]his Court also may determine Count II of the [Amended] Complaint pursuant to 28 U.S.C. §1441(c)."  <u>See</u> <u>id.</u>

In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28

---

[3]     Plaintiff filed the Complaint in this action on October 23, 2007, and the Amended Complaint (Doc. No. 2; Amended Complaint) on November 8, 2007, while this case was pending in state court.

U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Pursuant to 28 U.S.C. § 1441, a civil action brought in state court may be removed to a

federal district court where the district court would have original jurisdiction over an action,

"[e]xcept as otherwise expressly provided by Act of Congress." 28 U.S.C. §1441(a).  Section

1719 of the ILSFDA provides, in pertinent part: "No case arising under this chapter and

brought in any State court of competent jurisdiction shall be removed to any court of the

United States, except where the United States or any officer or employee of the United

States in his official capacity is a party."  See 15 U.S.C. §1719.  Plaintiff initiated the instant

action in state court, and has not named the United States or any officer or employee of the

United States in his official capacity as a party to the suit.  See Amended Complaint at 1.

Therefore, insofar as Plaintiff's claims arise under ILSFDA, 15 U.S.C. §1719 expressly

prohibits removal.  As the Court's review of the Amended Complaint discloses no additional

basis for the exercise of federal question jurisdiction, the Court finds that the Court lacks

jurisdiction over this claim pursuant to 28 U.S.C. §1331.

As an alternative basis of jurisdiction, Defendant asserts that the Court "also may

determine Count II of the Amended Complaint pursuant to 28 U.S.C. §1441(c)," see Notice

of Removal (Doc. No. 1) at 2, which provides:

> Whenever a separate and independent claim or cause of action within the
> jurisdiction conferred by section 1331 of this title is joined with one or more
> otherwise nonremovable claims or causes of action, the entire case may be
> removed and the district court may determine all issues therein, or, in its
> discretion, may remand all matters in which State law predominates.

§1441(c).  "Where both federal and state causes of actions are asserted as a result of a

single wrong based on a common event or transaction, no separate and independent federal

claim exists under section 1441(c)."  In re City of Mobile, 75 F.3d 605, 608 (11th Cir. 1996)

(citing American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14 (1951)).   Based on the

allegations contained in the Amended Complaint, it does not appear that Plaintiff's federal

and state claims are "separate and independent," as both claims seek to rescind the same

contract.   See Amended Complaint at 2, 5; Notice of Removal at 2.   Moreover, even

assuming Plaintiff's claims are "separate and independent," neither claim is "within the

jurisdiction conferred by [§]1331," as required by §1441(c).   As such, 28 U.S.C. §1441(c)

provides no basis for removal.   Upon consideration of the foregoing, the undersigned

concludes that this Court lacks jurisdiction over the instant case, and thus, the action should

be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Next, the Court turns to Plaintiff's request for an award of attorney's fees incurred as

a result of the wrongful removal.   The Court notes that in the Amended Motion, Plaintiff

provided certification under Local Rule 3.01(g), United States District Court, Middle District

of Florida (Local Rule(s)), advising the Court that counsel for the Defendant opposed the

relief requested in the Amended Motion.   See Amended Motion at 3.   However, in the

Consent Notice, Home Dynamics advised the Court that it consents to the remand sought

in Plaintiff's Initial Motion,[4] but did not disclose its position on the issue of attorney's fees.

See Consent Notice at 1.   In addition, although given adequate time to do so, Defendant has

not filed a memorandum setting forth the basis of its objection to the request for fees

_____

[4]        Defendant did not address the Amended Motion, however, as previously noted, Plaintiff sought
identical relief in the Initial Motion and the Amended Motion.  See Initial Motion at 3; Amended Motion at 3.

contained in the Amended Motion.[5]  Upon review of the record, it is evident that the removal

of this action from state court was improper, and Defendant has failed to show that it had an

objectively reasonable basis for seeking removal.   Therefore, the Court concludes that

Plaintiff is entitled to an award of attorney's fees and costs associated with the improper

removal.   See Lost Mountain Homeowners Ass'n, Inc. v. Rice, No. 07-11844, 2007 WL

2683728, at *1 (11th Cir. Sept. 13, 2007) (per curiam) (citing Martin v. Franklin Capital Corp.,

546 U.S. 132, 126 S. Ct. 704, 711 (2005) ("Absent unusual circumstances, courts may

award attorney's fees under § 1447(c) only where the removing party lacked an objectively

reasonable basis for seeking removal.")).

Nonetheless, there is insufficient information before the Court to determine the

appropriate amount of attorney's fees and costs to be awarded.   Therefore, the Court will

remand this case, but retain jurisdiction[6] to determine the amount of fees and costs to be

awarded under 28 U.S.C. § 1447(c).   Plaintiff's request will be taken under advisement

pending the submission of a detailed affidavit by Plaintiff in support of his request.   See

Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).   In light of the

foregoing, it is hereby **ORDERED**:

1.      Plaintiff's Motion to Remand and Memorandum of Law in Support (Doc. No.

---

[5]      Plaintiff served the Amended Motion on January 4, 2008.  See Amended Motion at 12.  Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida, a response setting forth Defendant's objections to the Amended Motion was required to be served and filed on or before January 22, 2008.  As of the date of this Order, no such memorandum has been filed.

[6]      The Court has jurisdiction to resolve a request for fees and costs under § 1447(c) even after it has remanded the case to state court.  See Seraphin v. Parapella, 489 F. Supp. 2d 1354, 1358 (S.D. Fla. 2007); Gonzalez v. J.C. Penney Corp., No. 05-22254-CIV, 2006 WL 4390889, at **2-3 (S.D. Fla. Apr. 10, 2006), aff'd, No. 06-12751, 209 Fed. Appx. 867, 868, 870 (11th Cir. Oct. 20, 2006).

15; Motion) is **DENIED AS MOOT**.

     2.    Plaintiff's Amended Motion to Remand and Memorandum of Law in Support (Doc. No. 17) is **GRANTED, in part, and TAKEN UNDER ADVISEMENT, in part**.

     3.    The Clerk of the Court is directed to remand this case to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

     4.    This Court retains jurisdiction for the limited purpose of determining the amount of attorney's fees and costs to be awarded pursuant to 28 U.S.C. § 1447(c), and the Amended Motion is taken under advisement for that purpose.

     5.    The parties shall meet and confer regarding an appropriate sum representing the fees and costs incurred as a result of the wrongful removal.  If the parties are unable to agree, Plaintiff shall have up to and including **February 11, 2008**, to file a detailed affidavit in support of his request for fees and costs.  Defendant shall respond to the affidavit within ten (10) days from the date of its service.

     **DONE AND ORDERED** at Fort Myers, Florida this __24th__ day of January, 2008.

_Marcia Morales Howard_
**MARCIA MORALES HOWARD**
United States District Judge

lc5
Copies to:
Counsel of Record
Clerk of Court
Twentieth Judicial Circuit in and for Collier County